UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-25049-CIV-BLOOM/OTAZO-REYES

MARK ANTHONY DINGLE,

    Petitioner,

v.

MARK S. INCH, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Mark Anthony Dingle's ("Petitioner" or "Dingle") Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (hereafter, "Section 2254 Petition") [D.E. 1].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 9]. The State has filed a Response to the Petition (hereafter, "Response") [D.E. 5]; an Appendix [D.E. 6]; a Notice of Filing State Transcripts (hereafter, "Transcripts") [D.E. 7]; a Notice of Filing Legible Appendix Documents (hereafter, "Appendix II") [D.E. 12]; and a second Notice of Filing Legible Appendix Documents (hereafter, "Appendix III") [D.E. 16].  Petitioner has filed a Reply to the Response (hereafter, "Reply") [D.E. 8].  After full consideration of these materials, the undersigned respectfully recommends that Dingle's Section 2254 Petition be DENIED.

## PROCEDURAL BACKGROUND

In 1979, state grand juries in Florida indicted Petitioner in Case No. F79-20647 and Case No. F79-20648.  In Case No. F79-20647, Dingle was charged with: attempted robbery; robbery;

burglary of a conveyance; and first-degree murder.  In Case No. F79-20648, Dingle was charged with: robbery; grand theft; and first-degree murder.  The alleged offenses were committed at a time when Dingle was a juvenile, aged 16.

On May 21, 1980, Petitioner entered guilty pleas in both cases.  In Case No. F79-20647, Petitioner pled guilty to second-degree murder and attempted robbery.  He was sentenced to life imprisonment with a three-year minimum mandatory term on the murder charge, and a consecutive three-year minimum mandatory term on the attempted robbery charge.  In Case No. F79-20648, Petitioner pled guilty to second-degree murder and grand theft.  He was sentenced to life imprisonment on the murder charge, to run consecutively with the life sentence imposed in Case No. F79-20647, and a five-year term on the grand theft charge, to run concurrently with the life sentences.

On September 19, 1984, the post-conviction court granted in part Dingle's Motion for Post-conviction Relief and amended his sentence in Case No. F79-20647, thereby making the three-year minimum mandatory terms imposed on the murder charge and the attempted robbery charge, respectively, run concurrently.

Thereafter, Petitioner filed various post-conviction motions in state court, all of which were denied at the trial and appellate levels.  See Response [D.E. 5 at 4-25].  One such proceeding documented the findings made by the Florida Parole Commission since 1981 regarding Petitioner's Presumptive Parole Release Date ("PPRD").  Id. at 14-16; Appendix [D.E. 6-1 at 378-448].  Although Dingle's initial PPRD was June 17, 2014, that date was extended several times, resulting in an ultimate PPRD of June 17, 2029.  Id.

**THE SECTION 2254 PETITION**

In his Section 2254 Petition, Dingle invokes the United States Supreme Court's holding in Miller v. Alabama, 567 U.S. 460 (2012). In Miller, the Supreme Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." Id. at 470. According to the Supreme Court, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory-sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment." Id. at 489.

Even though he was not actually sentenced to life without parole, Dingle asserts the following four grounds pursuant to Miller:

GROUND ONE: THE PETITIONER WAS DENIED AN INDIVIDUALIZED SENTENCING HEARING TO DETERMINE HlS ELIGIBILITY FOR TWO CONSECUTIVE LIFE SENTENCES WITH PAROLE ELIGIBILITY AFTER SERVING SlX YEAR IN AN ADULT PRISON CONTRARY TO THE 8TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

GROUND TWO: THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO REASONABLY EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL FAILING TO INFORM HIM OF HIS SIGNIFICANT PROCEDURAL RIGHT TO MANDAMUS RELIEF CONTRARY TO THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

GROUND THREE: THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO REASONABLY EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL FAILING TO FILE A MITIGATION PACKET PER REQUEST BY THE STATE CONTRARY TO THE 6TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

GROUND FOUR: THE PETITIONER WAS DENIED HlS CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS BY BEING DENIED A MEANINGFUL OPPORTUNITY TO THE JUDICIAL PROCESS CONTRARY TO THE 1ST AMENDMENT, ARTICLE IV PRIVILEGES AND IMMUNITIES CLAUSE, FIFTH AMENDMENT, AND/OR HIS FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

<u>See</u> Section 2254 Petition [D.E. 1 at 4-6, 8].

## **APPLICABLE LAW**

### *A. Habeas petitions*

Title 28, United States Code, Section 2254 ("Section 2254") provides, in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e)(1).

"The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002) (citation omitted). "The AEDPA prevents defendants – and federal courts – from using federal habeas review as a vehicle to second-guess the reasonable decisions of state courts." <u>Renico v. Lett</u>, 559 U.S. 766, 779 (2010). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." <u>Woods v. Donald</u>, 575 U.S. 312, 316 (2015).

Federal habeas "relief may be available if the state habeas court decision is 'contrary to' clearly established United States Supreme Court precedent." Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002). "Alternatively, 'if the state court confronts a set of facts that are materially indistinguishable from a [relevant Supreme Court decision and] arrives at a result different' from that decision, such a result is also contrary to Supreme Court precedent." Id. (internal citation omitted). Additionally, "a petition for habeas relief may also be granted if the state court decision involved an 'unreasonable application' of Supreme Court precedent." Id. at 691. Finally, "a state court's factual findings are presumed correct, unless rebutted by the petitioner with clear and convincing evidence." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (citation omitted).

### B. Ineffective assistance of counsel claims

A claim for ineffective assistance of counsel under 28 U.S.C. § 2255 is subject to the two-pronged test set out in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant. Id. at 687.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. at 690. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Michel v. State of La., 350 U.S. 91, 101 (1955)). "In reviewing counsel's performance, a court must avoid using 'the distorting effects of hindsight' and must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'" Chandler v. United States,

218 F.3d 1305, 1316 (11th Cir. 2000) (citing Strickland, 466 U.S. at 689). In order for counsel's performance to be considered unreasonable, it must be such that "no competent counsel would have taken the action that . . . counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted) (citing Holladay v. Haley, 209 F.3d 1243, 1253 n.6 (11th Cir. 2000)). "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger" and the challenged actions may be considered sound strategy. Chandler, 218 F.3d at 1316 (footnote omitted) (citing Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998)); see also Strickland, 466 U.S. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim; failure to establish either prong is fatal and makes it unnecessary to consider the other one. Id. at 697. The Eleventh Circuit has recognized that, given the principles and presumptions associated with ineffective assistance claims, "the cases in which habeas petitioners can properly prevail are few and far between." Chandler, 218 F.3d at 1313 (alteration omitted) (quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)). The burden of persuasion on the movant is preponderance of the evidence. Chandler, 218 F.3d at 1313.

### C. *Access to the courts claims*

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth

Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). "To pass constitutional muster, access to the courts must be more than merely formal; it must also be adequate, effective, and meaningful." Id. at 1282 (citing Ryland v. Shapiro, 708 F.2d 967, 972 (5th Cir. 1983)). "[I]n order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish actual injury." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing Lewis v. Casey, 518 U.S. 343, 349–50 (1996)). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." Id.

## PRELIMINARY ISSUES

Before addressing the merits of Petitioner's four claims, the undersigned considers the threshold issues of timeliness and exhaustion.

- *Timeliness*

Respondent argues that the Section 2254 Petition is untimely under the rules prescribed by the AEDPA. According to Respondent, Petitioner had one year from the April 24, 1996 enactment of the AEDPA to bring his Section 2254 Petition, given that his conviction became final before the enactment of the statute. See Martens v. Sec'y, Dep't of Corr., 2009 WL 2044681, at *2 n.4 (M.D. Fla. July 10, 2009) ("When a petitioner's conviction, and thus judgment, becomes final prior to the AEDPA's effective date, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period (until April 23, 1997) to file his or her federal claims.") (citing Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998)).

In his Reply, Petitioner contends that the one year limitations period for filing his Section 2254 Petition did not commence until May 26, 2016, when the Florida Supreme Court rendered

7

its decision in Atwell v. State, 197 So. 3d 1040 (Fla. 2016), adopting the United States Supreme Court's holding in Miller. See Reply [D.E. 8 at 2]. Petitioner further states that, on November 16, 2016, he filed a successive Rule 3.850 motion in state court based on Miller and Atwell; and that, based on his computations, only six months of untolled time had elapsed when he filed the Section 2254 Petition. Id. at 2-4.

Given Petitioner's contention, the undersigned will assume, without deciding, that the Section 2254 Petition is timely.

- ***Exhaustion***

Section 2254 provides that habeas corpus relief is not available to a prisoner under state custody unless: (1) the petitioner "has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking federal habeas relief, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Respondent concedes that Grounds One, Two and Four have been exhausted. However, Respondent argues that Ground Three has not been exhausted, which renders this federal claim procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353 (11th Cir. 2012) ("A petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in

federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default."). Petitioner did not address Respondent's exhaustion argument as to Ground Three in his Reply. Notwithstanding this failure, the undersigned will address the merits of all four grounds for relief presented by Petitioner.

## DISCUSSION

As noted above, Section 2254 provides that an application for a writ of habeas corpus with respect to a claim adjudicated on the merits by a state court may only be granted if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct[;]" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The undersigned applies the foregoing criteria to Petitioner's four grounds for relief.

### *I. Petitioner's claim that he was improperly denied an individualized sentencing hearing.*

As noted above, the Supreme Court held in Miller that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." Miller, 567 U.S. at 470. In Atwell, the Florida Supreme Court applied Miller to a juvenile who had been sentenced to "life in prison with the possibility of parole after twenty-five years." Atwell, 197 So. 3d at 1043. The Atwell court found that, "[u]sing Florida's objective parole guidelines", Atwell's sentence was "virtually

guaranteed to be just as lengthy as, or the 'practical equivalent' of, a life sentence without the possibility of parole." Id. at 1048.

On November 16, 2016, Dingle presented a Miller/Atwell claim by filing a Motion to Correct Illegal Sentence [D.E. 6-1 at 264-304]. On October 25, 2018, the post-conviction court denied relief, finding "that the Defendant is not entitled to be resentenced because he has not received the functional equivalent of a life sentence without parole, and has had (and continues to have) [] meaningful opportunities for release." See Order Denying Defendant's Motion to Correct an Illegal Sentence (hereafter, "2018 Order") [D.E. 6-1 at 458] (citing, *inter alia*, State v. Michel, 2018 WL 3613383 (Fla. 2018); Virginia v. LeBlanc, 137 S. Ct. 1726 (2017)). Noting that Dingle would have been 52 years old as of the June 17, 2014 PPRD, see 2018 Order [D.E. 6-1 at 457 n.2], the post-conviction court explained:

> The Defendant relies on *Atwell* to argue that the Defendant is entitled to resentencing because he was a juvenile when he received a life sentence. However, the Court in *Michel* found that relying on *Atwell* ignores the recent precedent set forth in the United States Supreme Court's decision in *LeBlanc*. *Michel* at \*2. The Court concluded in *Michel* that:
>
> We hold the juvenile offenders' sentences of life with the possibility of parole after 25 years under Florida's parole system do not violate "*Graham*'s requirement that juveniles … have a meaningful opportunity to receive parole." *LeBlanc*, 137 S. Ct. at 1729. Therefore, such juvenile offenders are not entitled to resentencing under section 921.1402, Florida Statutes.
> \*\*\*
> The distinguishing factor between *Michel* and *Atwell*, is that the sentences imposed in *Atwell* resembled a mandatory life sentence, as the presumptive release date was well beyond the life expectancy of Petitioner. This is not the case with the Defendant in this matter nor the Respondent in *Michel*, both whose presumptive release dates were attainable within their respective lifetimes.

Id. at 459. The Third District Court of Appeal affirmed the post-conviction court's Order *per curiam* [D.E. 6-1 at 482-83].

10

As shown above, the 2018 Order explicitly relied on the Supreme Court's post-Miller decision in Le Blanc, which the Florida Supreme Court adopted in Michel, thereby receding from Atwell. Therefore, the denial of Dingle's Miller/Atwell claim was neither contrary to nor involved an unreasonable application of clearly established Federal law as articulated in Le Blanc. 28 U.S.C. § 2254(d).

In his Reply, Dingle quotes extensively from the dissenting opinion issued by Justice Barbara Pariente in Michel. See Reply [D.E. 8 at 5-14]. Dingle then argues that this Court should apply that dissent "as persuasive authority as to the applicability of *LeBlanc* to the Atwell's decision." Id. at 14. However, "[t]he AEDPA prevents defendants – and federal courts – from using federal habeas review as a vehicle to second-guess the reasonable decisions of state courts." Renico, 559 U.S. at 779. Here, it cannot be said that the post-conviction court acted unreasonably in applying the majority opinion in Michel and its adoption of LeBlanc. Therefore, Dingle is not entitled to habeas relief as to Ground One of his Section 2254 Petition.

### II. *Petitioner's claims of ineffective assistance of counsel re: mandamus relief and mitigations packet.*

In Grounds Two and Three, Dingle brings claims of ineffective assistance of counsel in connection with his Successive Motion for Post Conviction Relief, filed on October 14, 2019, and his Amended Successive Motion for Post Conviction Relief, filed on November 15, 2019 (together, "the 2019 Motions") [D.E. 12-1 at 2-13, 15-31].

The post-conviction court denied the 2019 Motions, stating as follows:

> There is no constitutional entitlement to the appointment of post-conviction counsel and therefore ineffective assistance of post-conviction counsel is not a cognizable claim. Kokal v. State, 901 So. 2d 766 (Fla. 2005). The United States Supreme Court's decision in Martinez, which the Defendant cites, does not change this conclusion. The United States Supreme Court has long held that there is no constitutional entitlement to counsel in post-conviction proceedings. See Murray v. Giarratano, 492 U.S. 1, 7-8 (1989); Pennsylvania v. Finely, 481 U.S. 551, 555

11

>  (1987) (citing <u>Johnson v. Avery</u>, 393 U.S. 483, 488 (1969)). This principle is also controlling in Florida law, which provides that "there is no absolute right to counsel in post-conviction relief proceedings" and sets forth criteria to guide a post-conviction court's discretion in considering whether the appointment of counsel may become necessary when a colorable claim is presented. <u>Netting v. State</u>, 129 So. 3d 429, 432 (Fla. 1st DCA 2013) (citing <u>Graham v. State</u>, 372 So. 2d 1363, 1365-66 (Fla. 1979)).
>
>  The Florida Supreme Court has stated "[a]ll that is required in postconviction relief proceedings, whether capital or non-capital, is that the defendant have meaningful access to the judicial process." <u>Kokal v. State</u>, 901 So. 2d 766, 777 (Fla. 2005). The Defendant did in fact have meaningful access to the judicial process, and his post-conviction counsel not only adopted his Motion for Post-Conviction Relief but supplemented it with a Motion to Correct an Illegal Sentence and then subsequently responded to the State's response.

<u>See</u> Order Denying Defendant's Pro Se Successive Motion for Post-Conviction Relief and Defendant's Pro Se Amended Successive Motion for Post-Conviction (hereafter, "2019 Order") [D.E. 12-1 at 33-34].

As shown above, the 2019 Order explicitly relied on Supreme Court precedent for the proposition that there is no constitutional entitlement to counsel in post-conviction proceedings Therefore, the denial of Dingle's ineffective assistance of counsel claims re: mandamus relief and mitigation packet was neither contrary to nor involved an unreasonable application of clearly established Federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d).

Dingle contends that the post-conviction court "overlooked and/or misapprehended the obvious **anomaly** between Florida's case law and Florida statutory law".  <u>See</u> Section 2254 Petition [D.E. 1 at 15].   However, the standard applicable to Dingle's Section 2254 Petition does not involve purported anomalies in Florida law.  Dingle also cites <u>United States v. Chronic</u>, 466 U.S. 648 (1984) for the proposition that ineffective assistance of counsel is presumed in certain circumstances that are egregiously prejudicial.  <u>See</u> Section 2254 Petition [D.E. 1 at 16].  However,

such analysis is inapplicable here, given that, as noted above, the constitutional right to counsel did not apply to the 2019 Motions.

### III. Petitioner's claim that he was denied access to the courts.

To succeed on this claim Dingle must show an actual injury, "by demonstrating that [his] efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." Barbour, 471 F.3d at 1225. Dingle points to the time between the filing of his Miller/Atwell claim on November 16, 2016, and its denial on October 25, 2018, after the Le Blanc and Michel decisions; and recounts the actions of his counsel in not filing a mitigation packet and filing a belated reply to the State's "waived" response to the claim. Dingle then makes the wholly unsupported statement that, "The state trial court denied him a meaningful opportunity to the judicial process for approximately two years." See Section 2254 Petition [D.E. 1 at 20]. Because Dingle cannot point to any official's action that frustrated or impeded his pursuit of the Miller/Atwell claim, there is no basis for his contention that he was denied access to the courts.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Dingle's Section 2254 Petition be DENIED.

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon consideration of the record, the undersigned concludes that Petitioner cannot satisfy this standard and further RECOMMENDS that a CERTIFICATE OF APPEALABILITY NOT ISSUE. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 5th day of June, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Beth Bloom
Counsel of Record

Copies via U.S. Mail to:

Mark Anthony Dingle
073356
Dade Correctional Institution
Inmate Mail/Parcels

19000 SW 377th Street
Florida City, FL 33034

15