MARK ANTHONY DINGLE,

    Petitioner,

v.

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
*Mark S. Inch*,

    Respondent.
_____/

## **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed by *pro se* Petitioner Mark Anthony Dingle ("Petitioner"), on December 11, 2020. ECF No. [1]. The Petition was previously referred to the Honorable Alicia M. Otazo-Reyes for a Report and Recommendations ("R&R") on all dispositive matters. *See* ECF No. [9]. On June 5, 2021, Judge Otazo-Reyes issued the R&R, recommending that the Petition be denied, and that no certificate of appealability issue. *See* ECF No. [17]. Petitioner filed timely objections, ECF No. [18] ("Objections").

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)) (alterations omitted). The Court then conducts a *de novo* review of the portions of the R&R to which Petitioner has objected. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th

1

Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)).

In pertinent part, Petitioner was sentenced in the state court to two consecutive life sentences for offenses committed when he was a juvenile at 16 years of age. The R&R notes, which Petitioner has not disputed, that he has a Presumptive Parole Release Date of June 17, 2029. *See* ECF No. [17] at 2.

Petitioner's claims are premised upon the United States Supreme Court's decision in *Miller v. Alabama*, 657 U.S. 460, 470 (2012), in which the Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." In the Objections, Petitioner objects to the portion of the R&R in which Judge Otazo-Reyes concludes that the post-conviction court's denial of his *Miller/Atwell* claim based upon the Supreme Court's post-*Miller* decision in *Virginia v. LeBlanc*, 137 S. Ct. 1726 (2017), was neither contrary to, nor involved an unreasonable application of clearly established federal law as articulated in *LeBlanc*.[1] Judge Otazo-Reyes also determined that it cannot be said that the post-conviction court in Petitioner's case acted unreasonably in applying the majority opinion in *Michel*, and its adoption of *LeBlanc*.

In the Objections, Petitioner argues specifically that, based upon the United States Supreme Court's recent decision in *Jones v. Mississippi*, the Florida Supreme Court's conclusion in *Michel*

---

[1] In *Atwell v. State*, the Florida Supreme Court applied *Miller* to an individual who had been sentenced to life in prison as a juvenile with the possibility of parole after twenty-five years, but whose earliest parole date under the existing parole system was 140 years after his crime. 197 So. 3d 1040, 1043,1050 (Fla. 2016). However, in *State v. Michel*, the Florida Supreme Court receded from *Atwell*, determining that the United States Supreme Court's decision in *LeBlanc* clarified that the majority in *Atwell* did not properly apply United States Supreme Court precedent. 257 So. 3d, 3, 6 (Fla. 2018). In *LeBlanc*, the United States Supreme Court determined that the state trial court did not unreasonably apply Supreme Court precedent in denying the petitioner's motion to vacate his sentence of life imprisonment, where Virginia had a geriatric release program, which allows older inmates to receive conditional release under some circumstances. 137 S. Ct. at 1728.

that *Atwell* was wrongly decided based upon its interpretation of *LeBlanc*, is contrary to clearly established Supreme Court precedent because *Jones* permits states to impose additional sentencing limits in cases involving defendants under the age of eighteen convicted of murder. 141 S. Ct. 1307, 1323 (2021).

Upon review, however, Petitioner appears to misapprehend the Florida Supreme Court's interpretation of *LeBlanc* in *Michel*. Importantly, the United States Supreme Court in *LeBlanc* did not determine that Virginia's geriatric release program satisfies the requirements of the Eighth Amendment with respect to juvenile nonhomicide offenders sentenced to life. The United States Supreme Court in *LeBlanc* held that the trial court did not unreasonably apply United States Supreme Court precedent in denying the petitioner's motion to vacate his life sentence, where such a program exists. 137 S. Ct. at 1729. The Court therefore disagrees with Petitioner's characterization that the Florida Supreme Court adopted a particular policy approach from *LeBlanc*, as *LeBlanc* did not contain any particular policy approach to adopt.

In *Michel*, the Florida Supreme Court concluded, based on its reading of *LeBlanc*, that the petitioner's sentence did not violate United States Supreme Court precedent because he was not sentenced to life without the possibility of parole and would be eligible for parole after serving 25 years of his sentence, which was in his lifetime. *Id*. at 7. The Florida Supreme Court further observed that the interpretation of the Eighth Amendment in United States Supreme Court precedent "only requires states to provide 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id*. (citing *Graham v. Florida*, 560 U.S. 48, 75 (2010)). Finally, the Florida Supreme Court concluded that the petitioner in *Michel* would indeed receive a meaningful opportunity under Florida's existing parole system after serving 25 years in prison. *Id*.

As such, the Court also disagrees with Petitioner that the Florida Supreme Court's decision in *Michel* somehow violates the United States Supreme Court's decision in *Jones*. In *Jones*, the United States Supreme Court observed that the states may impose additional sentencing limits on juvenile offenders, holding that its "precedents do not require an on-the-record sentencing explanation with an implicit finding of permanent incorrigibility," by the sentencer in life without parole cases. 141 S. Ct. at 1321. Accordingly, Petitioner's objection is due to be overruled.

Upon review, the Court finds the R&R to be well-reasoned and correct. The Court therefore agrees with the analysis in the R&R and concludes that the Petition should be denied. The Court further agrees that the recommendation in the R&R that Petitioner is not entitled to a certificate of appealability is correct.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Objections, **ECF No. [18]**, are **OVERRULED**.

2. The R&R, **ECF No. [17]**, is **ADOPTED**.

3. The Petition, **ECF No. [1]**, is **DENIED**, and no Certificate of Appealability shall issue.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 6, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark Anthony Dingle, *pro se*
073356
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, Florida 33034